UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEAN MONROE (#294086)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 12-798-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 13, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEAN MONROE (#294086)

VERSUS                                            CIVIL ACTION

N. BURL CAIN, ET AL                               NUMBER 12-798-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 13. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Asst. Warden Kenneth Norris and Dr. Jonathan Roundtree. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights. Plaintiff sought

---

[1] Record document number 17. In his opposition to the defendants' motion to dismiss the plaintiff complained that other inmates have been denied prompt medical treatment, their medical conditions have not been properly diagnosed or adequately treated, and prisoners are being charged co-payments for emergency medical treatment.
   The right to bring an action under the civil rights act is personal in nature and may not be asserted by third parties. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986). All persons who claim a deprivation of constitutional rights must prove some violation of their personal rights. *Id.* Plaintiff's assertion that the defendants were deliberately indifferent to other inmates is not a personal right which he may assert. For that reason, the plaintiff's opposition shall not be treated as an amendment to the complaint.

compensatory damages and declaratory and injunctive relief.

For the reasons which follow, the defendants' motion should be granted in part and denied in part.

## I. Factual Allegations

Plaintiff alleged that on May 10, 2010, he was weak, experienced flu-like symptoms and severe abdominal pain, and had a low-grade temperature.  Plaintiff alleged that a few days later he was examined by Dr. Roundtree who diagnosed gall bladder disease. Plaintiff alleged that Dr. Roundtree did not order any tests to rule out appendicitis.

Plaintiff alleged that 10 days later he presented with similar complaints and was placed on Ward One for treatment.  Plaintiff alleged that on June 1, 2010, he was examined by Dr. Williams and then was transferred to Earl K. Long Hospital ("EKL").

Plaintiff alleged that test results showed the plaintiff had two cysts on his liver which were infected.  Plaintiff alleged that he was hospitalized for 28 days.  Plaintiff alleged that during his hospitalization, the infection spread to his lungs and required additional medical treatment.

Plaintiff alleged that after he was released from the hospital he was once again placed on the ward, where he received antibiotics and pain medication for more than a month.  Plaintiff was returned to general population and was issued a no duty medical duty status for four months.  Plaintiff alleged that several weeks later he was

examined by an EKL physician who informed him that he had been scheduled to undergo surgery on his appendix which was the source of the infection.

Plaintiff alleged that his medical duty status lapsed and he was assigned to perform work in the agricultural fields. Plaintiff alleged that he continued to experience severe abdominal pain and was returned to EKL for a CT scan.

Plaintiff alleged that in October 2011, his pain intensified and he was seen at sick call several times. In November, he was seen by an EKL physician who recommended that the plaintiff be issued a medical duty status to remove the plaintiff from performing work in the agricultural fields. Plaintiff alleged that the medical duty status was issued by an LSP physician in accordance with the EKL physician's recommendations.

Plaintiff alleged that in December 2011, he was examined by an EKL physician who ordered another CT scan of his appendix. Plaintiff alleged that on January 17, 2012, he was transported to EKL to undergo the CT scan that was ordered by the EKL physician in December 2011. Plaintiff alleged that the CT scan showed that the plaintiff's appendix was severely inflamed and required immediate surgery. Plaintiff alleged that on January 20, 2012, he was rushed back to EKL to undergo emergency surgery on his appendix.

Plaintiff alleged that after the surgery, EKL Dr. Ashish Nath told him that Dr. Roundtree had cancelled two previously scheduled

appendix surgeries.

Plaintiff alleged that on June 16, 2012, EKL Dr. Julia Wilkinson told him that EKL would not have canceled his surgeries because he was diagnosed with chronic appendicitis. Plaintiff alleged that Dr. Wilkinson told him that at worst, the surgery might have been rescheduled, but would have never been canceled.

## II. Applicable Law and Analysis

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Eleventh Amendment Immunity**

Plaintiff brought this action against Warden Cain in his individual and official capacities. Plaintiff sought unspecified prospective injunctive relief.

Defendant Cain argued that he is entitled to Eleventh Amendment immunity insofar as the plaintiff sued him in his official capacity.

The distinction between personal and official capacity suits

was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the

plaintiff may recover money damages against Warden Cain insofar as he was sued in his individual capacity for actions taken by him under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendant in his official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

### C. Supervisory Liability

Plaintiff named Warden Cain and Asst. Warden Norris as defendants but failed to allege facts against them which rise to the level of a constitutional violation.

To be liable under § 1983 a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain and Asst. Warden Norris are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a

repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Plaintiff did not allege any facts regarding a constitutionally deficient policy.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff did not allege that Warden Cain and Asst. Warden Norris knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

### D. Deliberate Indifference

Plaintiff alleged that Dr. Roundtree was deliberately indifferent to his serious medical needs.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

Plaintiff's allegations that Dr. Roundtree was deliberately indifferent to his serious medical needs are sufficient to state a claim upon which relief can be granted.  Although the plaintiff alleged that from the onset of his complaints in 2010 he was diagnosed and treated, his allegation that Dr. Roundtree cancelled two previously scheduled surgeries, if proven, may constitute deliberate indifference to the plaintiff's serious medical needs.

Plaintiff's claims against Dr. Roundtree will require further factual development, and may be resolved by a motion for summary judgment which would permit the court to consider the plaintiff's medical records.

9

### E. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted in part, dismissing the plaintiff's claims against Warden N. Burl Cain and Asst. Warden Kenneth Norris, and in all other respects the motion to dismiss be denied and this matter be referred back to the magistrate judge for further proceedings on the plaintiff's deliberate medical indifference claim against Dr. Jonathan Roundtree.

It is further recommended that the court decline to exercise supplemental jurisdiction over any state law claim.

Baton Rouge, Louisiana, May 13, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE